HENRY P. WEYRICH ET AL., PLAINTIFFS IN ERROR, V. JOHN F. HOBELMAN ET AL., DEFENDANTS IN ERROR.

Usury. Promissory note in the following form:

"BEATRICE, NEB. June 27, 1878.

"On or before the first day of January, 1880, we promise to pay to the order of P. Weyrich & Co., one hundred dollars, with interest at ten per cent from date until maturity, the principal to draw interest at the rate of twenty-four per cent per annum from maturity, until paid, as compensation and damages for non payment thereof." *Held,* In an action thereon, that the note was not usurious on its face, the twenty-four per cent being construed as a penalty, and the plaintiffs held entitled to receive interest at the legal rate. *See Conrad v. Gibbon, 29 Iowa, 120.*

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*Pemberton & Forbes,* for plaintiff in error, cited: *Conrad v. Gibbon,* 29 Iowa, 120. *Downey v. Beach,* 78 Ill.,

53. Tyler on Usury, 204–217. *Bullock v. Taylor*, 39 Mich., 137.

*R. S. Bibb*, for defendant in error, cited: *Mo. Valley Ins. Co. v. Kittle*, 1 McCrary, 234. *Dow v. Updike*, 11 Neb., 95.

COBB, J.

This action was brought on a promissory note, of which the following is a copy:

"$100.00.          "BEATRICE, NEB., June 27, 1878.

"On or before the first day of January, 1880, we promise to pay to the order of P. Weyrich & Co., one hundred dollars, with interest at ten per cent from date until maturity, value received; and if not paid at maturity, the principal to draw interest at twenty-four per cent per annum from maturity until paid as compensation and damages for non-payment thereof." Signed by defendants.

Defendants answered, setting up usury as a defense. A trial was had to the court, a jury being waived, who found for and rendered judgment in favor of the plaintiff, in the sum of one hundred dollars, and adjudged the costs against the plaintiffs. Plaintiffs bring the cause to this court on error.

No testimony outside of the note itself was offered by either party, so the question is fairly presented—is the contract, as evidenced by the note, an usurious one?

The provisions of the statute applicable to the question are as follows:

Chap. 34, General Statutes, sec. 1. Any rate of interest which may be agreed upon, not exceeding twelve dollars per year upon one hundred dollars, shall be valid upon any loan or forbearance of money.   *   *   *

Sec. 5. If a greater rate of interest than is hereinbefore allowed shall be contracted for, or received or reserved, the contract shall not therefore be void; but if in any

action on such contract proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall only recover the principal, and the defendant shall recover costs.  *  *  *

Were the question an open one, to be decided upon reason unaided by authorities, the writer would probably be of opinion that the agreement to pay twenty-four per cent interest after maturity renders the contract usurious.  But the question is not an open one, it having been often treated of by text writers of undoubted authority, and decided by the highest courts of England from the time of James the first, and by the supreme courts of several of our sister states, and in no case which has come to my knowledge has such a stipulation been held to taint the contract with usury.  Parsons in his work on Notes and Bills, vol 2, p. 413, says: "So if the borrower agrees to pay the sum borrowed at a time certain, or on demand, with lawful interest, and if he fail to do so, so much more by way of penalty, even if it be called extra interest, this is not such usury as would affect the contract, because the borrower has a right to pay the principal and avoid the penalty.  We should say, however, that if he did not pay the principal, nothing more than that with lawful interest could be recovered from him."  In a note to the above paragraph the author cites numerous cases, English and American, in which the law of the text is fully sustained.  See also Tyler on Usury, pp. 204 to 217, and the numerous authorities there cited. Taking the law, then, as it seems to be settled, the plaintiffs were entitled to a judgment for the face of the note, with interest thereon at the rate of ten per cent per annum and costs of suit.

The judgment of the district court is reversed, and the cause is remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.