Upton v. O'Donahue.

H. D. UPTON, APPELLANT, V. THOMAS O'DONAHUE, APPELLEE.

[FILED JULY 2, 1891.]

1. **Usury: WHAT IS NOT: AGENT'S BONUS.** Where a party borrowed $1,100 for five years at the rate of six per cent interest, payable semi-annually, and agreed to pay the agent $200 to secure the loan, which was added into the mortgage, *held*, that as the bonus and the rate of interest agreed upon were less than ten per cent on the loan for five years, the contract was not usurious.

2. ——: ——: **PENALTY.** Where a party agreed to pay interest at the rate of six per cent, but in case payments were not made promptly then the principal was to draw ten per cent, *held*, that the agreement to pay increased interest in case of default was in the nature of a penalty, and did not taint the original transaction with usury.

APPEAL from the district court for Butler county. Heard below before POST, J.

*C. E. Holland, G. M. Lambertson*, and *H. J. Whitmore*, for appellant, cited: *Blanchard v. Jamison*, 14 Neb., 244.

*E. R. Dean, contra.*

MAXWELL, J.

This is an action to foreclose a mortgage. It is alleged in the petition, in substance, that on the 1st day of May, 1888, the defendant executed a mortgage upon certain real estate, therein described, to the plaintiff to secure the sum of $1,300 with interest at six per cent, payable semi-annually, and the note to be due and payable in five years from the date thereof. There is also a provision that in case of default in the payments, then the plaintiff shall receive ten per cent not only on the whole sum but also

on the payments in default, and that he had an option to declare the whole sum due.

The defendant filed an amended answer to the petition as follows:

"The defendant denies that there is due the plaintiff from him upon the note, coupons, and mortgage set up in plaintiff's petition, $1,382, or any other sum in excess of $1,000 without costs. For a further defense, defendant alleges that he borrowed from the plaintiff on May 1, 1888, the sum of $1,100 for the term of five years, agreeing to give to plaintiff for said sum of $1,100, and for the use thereof, his note and coupons attached thereto set up in plaintiff's petition, and to secure the payment thereof by executing and delivering the mortgage set forth in said petition. In pursuance of said agreement, plaintiff did lend and advance to defendant said sum of $1,100 for five years, and defendant made, executed, and delivered to plaintiff the note, coupons, and mortgage set forth in plaintiff's petition; that said sum of $1,100 was all the consideration that defendant ever received for said note, coupons, and mortgages.

"Therefore defendant prays that plaintiff recover nothing but the $1,100 so loaned to defendant, and that defendant recover his costs."

The plaintiff, Hiram D. Upton, "in reply to the defendant's answer in the above entitled cause, denies each and every allegation and matter of defense therein contained not hereinafter expressly admitted, and especially denies that he has or ever had any agent in Butler county, Nebraska, and avers that whatever business he did with this defendant was done through his agent C. E. Holland, at Seward, Nebraska, and further replying to defendant's answer, plaintiff avers that said defendant Thomas O'Donahue applied to him through his said agent, C. E. Holland, for a loan of $1,300 for the term of five years, with interest at ten per cent per annum, payable semi-annually;

that in pursuance thereof papers were executed by defend-
ant O'Donahue for said loan of $1,300 for five years, with
interest at six per cent, payable semi-annually; that in-
stead of taking a second mortgage to secure the payment
of the remaining four per cent interest for five years,
amounting to $260, said agent accepted from defendant, by
his own request and consent, and in lieu of a mortgage of
$260, the sum of $200 in cash; that by reason of the re-
fusal and neglect of defendant to pay interest when due
the whole principal sum of $1,300 is now due, together
with interest at the rate of six per cent per annum from
the date of said loan."

The case was submitted to the court below on the plead-
ings, which found there was usury in the transaction, and
rendered judgment for the plaintiff for $1,100 without
interest, and costs.

The statute authorizes the parties to contract for any
rate of interest they see fit, not exceeding ten per cent per
annum.   The contract in this case, as set forth in the
pleadings, was to pay six per cent and a bonus of $200 on
the loan of $1,100.   The agreement to pay ten per cent
in case the defendant failed to make payments as they be-
came due is in the nature of a penalty and will not increase
the rate of interest previously agreed upon by the parties.
( *Weyrich v. Hobelman,* 14 Neb., 432.)   This agreement to
pay ten per cent as a penalty, therefore, did not render the
contract usurious.   The bonus of $200 and interest at six
per cent on $1,100, makes less than ten per cent per annum
for five years.   The contract, therefore, was not usurious,
and the court below erred in so holding.   It is doubtful if
the answer states facts sufficient to show the defense of
usury, but taken in connection with the petition and reply
it wholly fails to show such defense.   It is questionable if
the petition contains a sufficient statement to show a for-
feiture whereby the plaintiff could declare the principal
sum due.   No objection is made on that ground, however,

568      NEBRASKA REPORTS.      [VOL. 32

and as the plaintiff is entitled to a decree foreclosing his mortgage, the question as to the amount should be determined in the first instance by the trial court. The judgment of the district court is reversed and the cause remanded to the district court with instructions to enter a decree in that court for the amount of the note and the mortgage, and six per cent interest thereon.

DECREE ACCORDINGLY.

THE other judges concur.