National Bank v. Thompson.

---

NATIONAL BANK OF NORTH BEND ET AL., APPELLEES, v. LEWIS THOMPSON, APPELLANT.

FILED NOVEMBER 14, 1911. No. 16,929.

1. Usury: NOTES: ATTORNEY'S FEE. A provision in a promissory note, executed subsequent to June 1, 1879, that the maker will pay the plaintiff an attorney's fee if suit be instituted upon the note, is invalid and will not render the instrument usurious.

2. ——: ——: SEPARATE NOTES FOR INTEREST. Separate notes, executed for past due interest upon a promissory note, will not taint the original contract with usury.

'APPEAL from the district court for Morrill county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Williams & Williams* and *G. J. Hunt,* for appellant.

*C. E. Abbott* and *William Morrow, contra.*

ROOT, J.

The plaintiffs joined in an action to foreclose the defendant's interest in, and to sell, a tract of land, and for a deficiency judgment in favor of each plaintiff. The plaintiffs prevailed, and the defendant appeals.

The first proposition, that the notes evidencing the debts are usurious because of a promise to pay an attorney's fee, is not well taken. The notes were made in 1907. The provisions are invalid. No attempt was made to enforce them. *Weyrich v. Hobelman,* 14 Neb. 432; *Security Co. v. Eyer,* 36 Neb. 507.

The second contention, that the note given to the Schuyler National Bank is usurious for the further reason that when the debt matured a second note was given for the same amount as the first one, and two notes for $40 each were executed to evidence the accrued interest, is also not well taken. The court computed simple interest at the rate of 8 per cent. per annum on the original debt. By no correct method of computation or method or reasoning can it be deduced that either note is tainted with usury.

There is no merit in the appeal, and the judgment of the district court is

AFFIRMED.