## CLEMENT MORTGAGE CO. v. JOHNSTON.

No. 10272—Opinion Filed Oct. 4, 1921.

(Syllabus.)

**1. Usury—Test for Usurious Contract.**

The test as to whether a contract is usurious, is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue for the term of the loan figured at the full legal contract rate? If it does exceed such amount, it is usurious; otherwise it is not.

**2. Same—Charge for Accelerated Liquidation of Loan.**

If a contract, at its inception, is not shown to be usurious as tested by the above rule, it is not made usurious by any subsequent transaction liquidating said loan, even though there is paid by the borrower for such liquidation a sum in excess of a sum for interest which would accrue if calculated at the legal rate for the time the sum loaned was held by the borrower. The reason for this rule is that, a loan consummated being a fixed investment, and for and in consideration of consenting to an accelerated liquidation or payment before the expiration of the period of the loan, a charge is made of the borrower by the lender, this charge is not for further forbearance and detention of the money, but is a charge for ending the loan or forbearance by the lender consenting to its accelerated liquidation or payment, and a statute as to usury does not apply to such a transaction, and is held to be an agreed consideration for such accelerated liquidation or payment.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by B. F. Johnston against the Clement Mortgage Company to recover for alleged usury paid. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. B. Dudley, for plaintiff in error.

B. C. and A. W. Wadlington, for defendant in error.

ELTING, J. This suit was commenced by B. F. Johnston, defendant in error, against the Clement Mortgage Company, a corporation. plaintiff in error, in the district court of Pontotoc county, to recover the sum of $966.80 for alleged usury in a loan transaction.

On November 15, 1913, the plaintiff in error, defendant below, loaned the plaintiff $1,100 for the term of ten years, which loan was evidenced by a principal promissory note for said sum bearing date of November 15, 1913, and due and payable January 1. 1924, with interest at six per cent. per annum payable annually; the annual interest payments being evidenced by ten coupon notes attached to said principal note and of even date therewith, due and payable to its order January 1, 1915-16-17-18-19-20-21-22-23-24, respectively, and the said coupons were to draw ten per cent. from maturity.

The said principal note is an ordinary negotiable promissory note payable at the defendant's office, and contains, among other things, the following provision:

"The principal sum of this note and any unpaid interest coupon shall bear interest after maturity at the rate of ten per cent. per annum until paid."

The plaintiff below, defendant in error herein, secured said note and interest coupons by a mortgage upon certain real estate. The mortgage securing said principal note and interest coupons was in the usual form and gave the borrower the privilege of paying a portion of said mortgage before maturity in these words:

"Upon 60 days' written notice, privilege is hereby granted to pay $100.00 or multiples thereof at any interest paying date."

There was a charge of $220 in addition as commission, which commission was evidenced by two promissory notes of $110 each of even date with the principal note, and mortgage and said notes were made due and payable January 1, 1915, and 1916, respectively, and bearing eight per cent. interest from date, and were secured by a second

mortgage upon the lands. The last two notes mentioned are referred to in the record as commission notes, but are treated by both parties as additional interest. This is called by loan men a "6-2" loan, the six per cent. being evidenced by ten coupon notes and the two per cent. evidenced by what is called the two commission notes.

On January 17, 1916, the plaintiff in error, defendant below, received from the defendant in error, plaintiff below, the following letter:

"I have sold the 80 acres which you hold a mortgage on and if you will send your notes and mortgage to the Farmers State Bank at Ada, they will be paid off just as soon as title is approved."

Up to this time the defendant in error had not paid anything upon the mortgage, notwithstanding the fact that there were two interest coupon notes due and both commission notes were due. The next day after receiving the above letter, the following was received from the defendant in error:

"Please forward my abstract with all the notes you hold against me, coupons, and all others to the Farmers' State Bank at Ada, Oklahoma."

To these two letters the loan company plaintiff in error, replied as follows:

"We have your favor asking that we forward your abstract and all our notes and coupons to the Farmers State Bank of Ada for collection. We have sent for the abstract today and will send it over as soon as we can get it in. Please advise by return mail, Mr. Johnston, whether or not you want the $1,100.00 note sent also, or whether you just want the two commission notes and interest coupons which are past due. Let us know at once, please, in order that we may send for the $1,100.00 note if you want to pay it."

On the bottom of this letter the plaintiff wrote the following words and returned the same to the loan company:

"I have sold the place and I want the note and all commissions sent to the above bank for payment."

On January 31, 1916, the loan company sent to the Farmers State Bank of Ada, for collection, the principal note, coupons, and the two commission notes, with instructions to collect the amount due to date of payment with ten per cent. advance interest on principal note added for ten days. On February 19, 1916, the mortgage company received from the Ada bank $1,533.40. After receiving the money, the plaintiff in error discovered an error, in its favor, of $9.58, and on February 23d, they returned a check to the bank for the amount of $9.58, which amount

the defendant in error refused to receive and the same was deposited in the Ada bank to his credit.

This suit was filed March 7, 1916, asking for $866.80 interest and costs and $100 attorney's fee, alleging the same to be for usurious charge. Defendant filed answer, issues were joined, and the cause came on for trial November 27, 1916. A jury was empaneled, but during the trial, by agreement of parties, the case was withdrawn from the jury and was tried to the court. The evidence was taken and the court entered judgment for the plaintiff below, defendant in error herein, in the sum of $866.80 and $10 attorney's fee. Motion for a new trial was filed, and the same was by the court overruled, and the defendant below, plaintiff in error herein, prosecuted an appeal to this court. The trial court made the following findings of fact and conclusions of law:

"The plaintiff sues the defendant for usury and asks for judgment for double the amount of the usurious interest collected, amounting to $866.80.

"He bases his cause of action upon two counts.

"First. Reserving and charging a greater rate of interest than ten per cent. on a loan of $1,100 obtained on the 15th day of November, 1915.

"The evidence in the case is overwhelming that the contract in its incipiency was not usurious, there not being a greater rate of interest reserved or charged in said contract than ten per cent.

"His further claim of usury is that the defendant on the 18th day of February, 1916, knowingly took and received from the plaintiff $433.40 for an amount of $1,100, from the 15th day of November, 1913, to the 16th day of February, 1916, or for a period of two years, three months, and three days.

"The evidence shows that the plaintiff obtained a loan of $1,100.00, and that he executed his note and mortgage to secure same; also executed a note and mortgage for $220.00 as interest in the form of a commission, and that the plaintiff on the 18th day of September, 1916, became desirous of paying off the mortgage debt before it became due, and that an agreement of settlement was entered into upon said date, and that the defendant in said settlement knowingly took and received for the use of his money of $1,100.00 for said two years, three months and three days, the sum of $433.40.

"The Revised Laws of 1910, section 1002, defines interest as compensation allowed for the use or forbearance or detention of money or its equivalent.

"So the question in this case is very simple:

"Did it knowingly take and receive for the use, forbearance or detention of money under this agreement, a greater rate of interest than ten per cent.? It does not take a lawyer to understand what this statute means. Anybody knows what taking and receiving means. I know the courts have gone a long way to avoid the plain provision of this statute, on the idea of encouraging capital and making the circulation of money easy; but I see no reason why courts should have the power of legislation and I see no reason why the courts should read into a plain statute that which is not there.

"This statute says that any party who knowingly takes or receives a greater rate of interest than ten per cent. per annum that it is usurious, provided it is taken for the use or forbearance or detention of money.

"Johnson received nothing from this defendant but the $1,100.00 and he detained this money from it for the term of two years, three months, and three days, and that is all he owed, and when this settlement was made they made an agreement of settlement and that agreement included the knowingly taking and receiving of a greater rate of interest than allowed by law.

"It is true that the defendant could have refused to allow this money to be paid at the time it was paid. They could have forced the plaintiff to wait until an interest paying period or until the mortgage debt matured, but they saw fit to make a settlement, and entered into a new agreement. They did enter into a new agreement, but the mere fact they entered into a new agreement did not authorize the defendant to violate the law, and when the defendant agreed to take nearly twenty per cent. for the use of this money it violated the express provision of this statute, and therefore knowingly received and took usurious interest.

"Therefore, judgment for the plaintiff in the sum of $866.80 and $10.00 attorney fee and costs.

"To all of which findings of fact and conclusions of law, the defendant excepts, and exceptions allowed.

"J. W. Bolen, District Judge."

There is no dispute in this case as to the facts and the findings of the trial court thereon, but the conclusion of law by the court that the transaction as finally consummated constituted usury and entitled the plaintiff below, defendant in error herein, to recover the amount set forth in the judgment of the trial court as being usurious, is questioned.

As to the abstract proposition laid down by the trial court in his judgment as to what ought or ought not to constitute usury, we are not going to discuss that in this opinion. To consider this proposition would involve a consideration of numerous and intricate deductions and various shades of right and ethics that the present holdings of this court have long since settled and make unnecessary. These holdings the court will, no doubt, continue to adhere to, and hence it is up to the people and their representatives to change it, if changed at all.

The conclusions of law of the trial court, as applied to the undisputed facts in this case, are erroneous and are contrary to the holdings of this court in its former decisions.

Section 1002, Rev. Laws 1910, reads as follows:

"Interest is the compensation allowed for the use or forbearance, or detention of money, or its equivalent."

Section 1004, Rev. Laws 1910, reads as follows:

"The legal rate of interest shall not exceed six per cent. in the absence of any contract as to the rate of interest, and by contract parties may agree upon any rate not to exceed ten per cent. per annum. Said rates of six and ten per cent. shall be, respectively, the legal rate and the maximum contract rates of interest."

Section 1005, Rev. Laws 1910, reads as follows:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation asking or receiving same, in an action in the nature of an action of debt, twice the amount of the interest so paid: provided, such action shall be brought within two years after the maturity of such usurious contract; provided, further, that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for return of such usury."

The statutes of the territory of Oklahoma were the same as are our statutes, except that the contract rate was 12 per cent. instead of 10 per cent. The trial court finds that the contract as entered into between the plaintiff in error and the defendant in error in the instant case, was not usurious in its incipiency. In the interpretation of usurious contracts, the rule for the test of usury is laid down in the case of Metz v. Winnie, 15 Okla. 1, 79 Pac. 222, opinion by

Burford, Chief Justice, and the rule laid down therein has been followed by this court since statehood. The facts in the above case are similar to the facts in the instant case. We quote the following from Judge Burford's opinion:

"The facts especially pleaded in the answer are that the defendants borrowed from Winnie $600, payable in ten years, with interest at 7 per cent. and that they executed one note for $600, and ten notes for $42 each, representing the interest for ten respective years; that they also executed the note for $150, which was for additional interest, and aver that such sum was usurious and excessive. A mere matter of mathematical calculation is sufficient to refute the conclusion of the pleader. Parties may contract for a rate of interest not to exceed 12 per cent. The interest on $600 for ten years at 12 per cent. is $720. The interest contracted for as shown by these notes is as follows: Ten notes, $42 each, $420; one note $30, and one note $150, total, $600, which is $120 less than the maximum interest the mortgagee was entitled under the law to deduct.

"It is argued that the law does not permit more than one year's interest to be deducted in advance. Section 848, Wilson's Rev. & Ann. St. 1903, provides: 'The interest which would become due at the end of a term for which a loan is made, not exceeding one year's interest in all, may be deducted from the loan in advance if the parties thus agree.' But it is not alleged or contended that any portion of the interest claimed was deducted from the loan in advance. On the contrary, it appears from the pleading that the mortgagors borrowed and received $600, and executed interest notes payable in installments after the first year. If they comply with the contract, they will have the use of the principal sum for the period of ten years, and the presumption is that they will do so. We know of no law that will prevent a borrower from paying all the interest on a loan at the end of one year, or in such installments as he may desire and parties may agree upon, so long as the person making the loan does not exact over 12 per cent. per annum, nor deduct more than one year's interest from the amount of the loan in advance. The courts do not undertake to make contracts for individuals, nor to relieve them from burdensome obligations voluntarily assumed and entered into."

The above rule for testing a contract for usury laid down in this case has been followed by this court in the cases of Covington et al. v. Fisher, 22 Okla. 207, 97 Pac. 615; Garland v. Union Trust Co., 63 Okla. 243, 165 Pac. 197; Baker et al. v. Pittsburg Mortgage Investment Co., 67 Oklahoma, 171 Pac. 23, and all cases decided since statehood.

By applying this rule for the test of usury in a contract to the facts in the case, we find this loan was for $1,100 advanced to the defendant in error by the lender and running for ten years, the maximum legal rate being ten per cent. Figuring such interest on said sum for ten years, the interest would amount to $1,100. Under the contract in the instant case, the provisions as to interest, if the contract had been carried out, would have made the total charge paid by the defendant in error for the loan of said money, $906.20, or $193.80 less than the amount that could be legally collected. So the contract could not be held to be usurious in its incipiency.

This test is also adopted in the recent case handed down by this court, Deming Inv. Co. v. Reed, opinion by Justice Johnson, dated February 25, 1919, and found in 72 Oklahoma, 179 Pac. 35, which test is set forth in the third syllabus paragraph as follows:

"That, conceding the $224 deducted to be interest paid, and the items of $48 and $53, aggregating the $101 sued for, to be also interest paid, all interest paid and charged for the entire time the loan had to run, had the contract been performed, did not exceed the lawful rate."

It is contended, however, and held by the trial court, that the exaction of $433.40, the amount paid in the settlement of the loan of $1,100 for the period of two years, three months, and three days, and being almost 20 per cent., constituted usury and entitled the plaintiff below, defendant in error, under the usury statutes of this state, to recover double the amount, or $866.80. The contract provided that in the event the borrower desired to make settlement at any interest paying period, he could do so by giving 60 days notice and paying $100 or any multiple thereof.

In the instant case, the borrower desired to liquidate the entire loan, and he was required to pay the plaintiff, $1,100, the accrued interest coupons, and interest from maturity to date of settlement, and two commission notes and interest for ten additional days, making a total interest charge of $443.40. This transaction in liquidation of this note is a penalty charged and going to the lender for the liquidation of the loan and note, notwithstanding the fact that the amount paid was in excess of what the amount would have been at the legal rate on the amount of the loan for the time actually detained by the borrower.

It is laid down as the rule in this state and following the general trend of author-

ity that such a transaction does not constitute usury. The following is quoted from Garland v. Union Trust Company, heretofore cited and bearing upon this question and holding that such a transaction constitutes a penalty and not usury:

"But before passing this $50,000 mortgage, it might be well to add that, because plaintiff, under the contract, by the exercise of its option accelerating the maturity of the loan, was entitled to demand and receive more than the amount of the loan, with legal interest to the time the loan was called, it does not follow that the plea of usury should prevail. On this point 29 Am. & Eng. Enc. of Law, 508, says:

" 'A provision by way of penalty accelerating the maturity of a loan on default in payments by the borrower will not necessarily render the loan usurious, though through the exercise of such option the lender may be entitled at law to demand the return of more than the amount lent with legal interest. Thus, where in consideration of a loan an obligation is taken for an amount as principal greater than the amount of the loan, but the interest stipulated therefor is less than the highest legal rate, so that if the contract is carried out according to its terms no more than the principal with legal interest will be paid, a provision that upon default in the payment of the interest, the entire principal shall become due at the option of the lender will not render the transaction necessarily usurious, though upon such default and the exercise by the lender of his option more than the amount lent with legal interest to the time when the loan is called will be payable. And the same rule has been applied where installment notes were given for the principal and interest for the full term of the loan.'"

"In Goodale v. Wallace et al., 19 S. D. 405, 103 N. W. 651, 117 Am. St. Rep. 962, 9 Ann. Cas. 125, the court said:

" 'It is further contended by the appellants that as there was a stipulation in the mortgage that if the mortgagor should fail to pay any portion of the above mentioned sum, either principal or interest, promptly at the time they should become due the whole sum—both principal and interest—should at once become due and collectable, therefore the contract was clearly usurious, as the whole amount of the principal of the notes would become due and payable upon default in the paying of the first note; but this contention is untenable for the reason that such stipulation is in the nature of a penalty from which the mortgagors could relieve themselves by a prompt payment of the notes when due. Webb on Usury, section 120; 2 Am. & Eng. Ency. Law, p. 468. The author in speaking of this class of cases says. "So, if the provision for the payment of excessive interest is dependent on contingency which the borrower may avoid

by paying the debt, with legal interest, the loan will not be deemed usurious." State v. Elliott, 61 Kan. 518, 59 Pac. 1047; Tholen v. Duffy, 7 Kan. 405. A similar clause is frequently inserted in mortgages, but the stipulation has never been held as constituting a contract for the payment of usurious interest, so far as our researches extend.'

"There is no authority holding the contrary, so far as we know. By this we do not mean to intimate that plaintiff, had it sued therefor, which it did not, was entitled to recover in this action on the interest coupons not due at the time the trustees accelerated the maturity of the principal debt and foreclosed therefor. On the contrary, on this point, we mean to say that recovery upon those coupons could not be had for the reason that the moment the principal debt and interest accrued up to the time to which the maturity of the debt was accelerated, are paid, the remaining undue interest coupons are discharged. This is in keeping with authority (Dugan et al. v. Lewis et al., 70 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332; R. R. Co. v. Mer. Trust Co., 94 Ga. 306, 21 S. E. 701: Goodale v. Wallace, supra; Moore et al. v. Cameron et al., 93 N. C. 51), and is plaintiff's theory of the case. It is also carried into the judgment of the court, who permitted a recovery for the principal debt only, together with interest thereon at 6 per cent. from December 1, 1912, or the time when the first two notes fell due, up to the date of the judgment. There was no error in this, so far as the question of usury is concerned, and the judgment must stand, provided, of course, the court did not err in the amount of interest due on the loan.

"But, say defendants, this contract is usurious because it provides for interest on the principal sum of 6 per cent. per annum before maturity, or from June 1, 1912, until paid, and, if not paid at maturity, 10 per cent. thereafter, with annual interest until paid. And it is contended by counsel for defendants, not that this increased rate of interest is a penalty and unenforceable, but that it renders the contract usurious because, they say, this increase of 4 per cent. was for the 'detention' of money in contravention of the statute, supra. Not so. Being an increase to the maximum legal rate only, the contract was a valid contract for the payment of interest. 39 Cyc. 953, denominates such excess of interest as a penalty, but adds:

" 'Whether such penalty for the nonperformance of the contract is enforceable or not, all authorities are agreed that the contract is not usurious, but remains a valid and enforceable obligation against the debtor.' "

The rule that we deduce and that is adopted in this state is that if the contract was not usurious in its inception, the same is not invalidated and does not subject the lender to the penalty of usury by a subsequent

transaction in liquidation of the loan contract, although the amount paid under the liquidation transaction may amount to more than the interest accrued at the legal contract rate for the period of time the money was held by the borrower.

The rule that paying additional money by the lender for and in consideration of accelerating the loan, even though the amount paid may exceed the legal rate for the time the money is used, does not constitute usury, is set out in the fourth paragraph of the syllabus in the case of Deming Inv. Co. v. Reed et ux., heretofore cited:

"Further, that because the mortgagee, under the contract by the exercise of his option accelerating the maturity of the loan was entitled to demand more than the amount of the loan with legal interest to the time the loan is called, does not make the transaction usurious."

This rule seems to be sustained by all the authorities.

In the case of Nichols v. Fearson, 7 Peters (U. S.) 103, 8 L. Ed. 623, the principle is stated in this language:

"There are two cardinal rules in the doctrine of usury which we think must be regarded as the common place to which all reasoning and adjudication upon the subject should be referred; the first is that to constitute usury there must be a loan in contemplation by the parties, and the second, that the contract which in its inception is unaffected by usury, can never be invalidated by any subsequent usurious transaction."

The reason for this rule is stated in the case of Smithwick v. Whitley (N. C.) 67 S. E. 914, 28 L. R. A. 113, in the following language:

"Exacting payment of the legal interest which will accrue prior to the maturity of a debt, as a condition to accepting payment of the principal and releasing purchase money notes secured by mortgage on real estate, does not constitute usury.

"If the defendant had a good investment, he had a right to hold on to it, and if the plaintiff desired to be released from his lawful and binding contract to pay interest until maturity of the debt, defendant had a right to exact payment as compensation for such release. Defendant had as much right to sell his solvent debt at a premium to the plaintiff as to anyone else. The defendant was called upon to surrender a perfectly good investment untainted with usury, and not for an extension of credit for forbearance on an obligation, debtor could not meet. The transaction is the very reverse of the loan, an extension of credit, or a forbearance, without which there can be no usury. It put an end to credit, instead of giving it."

To the same effect is the case of Eldred v. Hart (Ark.) 113 S. W. 213; and also the case of Hamilton v. Kentucky Savings Bank & Trust Company (Ky.) 167 S. W. 898.

There seems to be in the brief of the plaintiff below, defendant in error herein, and also in the findings of the court, a contention about what is called a new contract based upon the fact that since the interest was not figured for the full interest-bearing period, but only for ten days, this being a variation from the terms of the loan, would make it a new contract. We cannot see where the defendant in error can object to this, since it costs him less than if the terms of the contract had been exacted. But even if it is conceded that it constitutes a new contract, this would make no difference, since whether the transaction accelerating the loan was consummated under the terms of the old contract or a new contract, neither one would be a contract for the forbearance or detention of money, but would be the converse thereof; a contract ending the forbearance and loaning of money. This conclusion is stated elsewhere in this opinion.

The holding in this case is that the trial court committed error in his conclusion of law and in directing judgment for the plaintiff below, defendant in error herein.

This cause is, therefore, reversed and remanded, with directions to dismiss petition of the plaintiff below, defendant in error herein, and at his cost and with prejudice.

HARRISON, C. J., and KANE, JOHNSON. and MILLER, JJ., concur.