[No. 18379.   Department One.   January 10, 1925.]

## MARGARET L. LEWIS, *Respondent*, v. C. M. VASSAR, *Appellant*.[1]

USURY (10)—CONTRACT—MATURITY OF NOTE—OPTIONAL PAYMENT—COMPUTATION OF INTEREST. A note for ten thousand dollars, payable in three years, with interest at 10% per annum, payable annually, is not usurious through the fact that the maker received but nine thousand five hundred dollars, five hundred dollars being deducted as payment of interest in advance; since Rem. Comp. Stat., § 7300, authorizes interest at the rate of 12%, which would amount to $3,600 or $100 more than the 10% provided for, $3,000 plus the $500 advance deducted (PEMBERTON, J., dissenting).

Appeal from a judgment of the superior court for Garfield county, Miller, J., entered May 9, 1923, in favor of the plaintiff, upon overruling a demurrer to

[1]Reported in 232 Pac. 312.

the complaint, in an action to recover usurious interest paid. Reversed.

*C. Alex McCabe* and *Chadwick, McMicken, Ramsey & Rupp,* for appellant.

BRIDGES, J.—The trial court held that the appellant contracted for and collected usurious interest.

The complaint alleged that, on or about the first day of November, 1921, the plaintiff applied to the defendant for a loan of $10,000, which he agreed to make, and that on the 2d day of November she made, executed and delivered to him her promissory note, as follows:

"$10,000.          "Pomeroy, Washington, November
                                             2, 1921.
"Three years after date without grace I promise to pay to the order of C. M. Vassar, payable at the Pomeroy State Bank of Pomeroy, Washington, ten thousand and no/100 dollars, gold coin of the United States, with interest in like gold coin thereof, at the rate of 10% per annum from date until paid. Interest payable annually, and if not so paid the same may at the option of the holder hereof be added to the principal and bear interest at the same rate until paid, and in case suit is commenced to collect this note or any portion thereof, I promise to pay a reasonable sum as attorney's fees; provided, however, that $1,000 or any multiple thereof may be paid on the principal at any interest paying date."

It was further alleged that, by reason of the execution and delivery of the note, plaintiff received from defendant the sum of $9,500, which she retained for one year, when she paid to the defendant the sum of $11,000, in full satisfaction of the note, and that by such transaction the defendant received from the plaintiff the sum of $1,500 as interest for the use of $9,500 for the period of one year, thereby collecting and receiving usurious interest, and interest in excess of

12% per annum on the sum of $9,500. She prayed for judgment in the sum of $3,000, with interest thereon. The demurrer to the complaint having been overruled, the defendant refused to further plead and judgment was entered.

The great weight of authority supports the statement that a note which is lawful in its inception does not become usurious by payment of the principal before it is due. In other words, if a note payable in three years from date does not provide for usurious interest it will not become usurious because the maker elects to, and does, pay it and the whole interest provided for in the note before it is due.

In *Cissna Loan Co. v. Gawley*, 87 Wash. 438, 151 Pac. 792, Ann. Cas. 1917D 722, following the great weight of authority, we said:

"The usual test for the existence of usury is, will the contract, if performed, result in producing to the lender a rate of interest greater than the maximum rate permitted by the statute, and was such result intended. The courts generally hold that stipulations in the contract to the effect that default in the payment of interest, or of an installment of the principal, shall accelerate the maturity of the entire debt are not usurious, even though the contract, if enforced according to the terms of the default, will result in giving the lender a rate of interest greater than the maximum statutory rate."

And in 27 R. C. L. 235:

"It is generally agreed that the acceptance of payment of a debt before maturity with interest to the date of maturity does not constitute usury . . . where the borrower has an option to pay the debt before maturity, the contract is not made usurious by reason of the fact that on exercising the option to pay before maturity the borrower is required to pay more than the legal rate of interest for the time he had the use of the money."

The cases are in conflict as to whether an agreement to pay or the payment of the maximum legal rate of interest in advance constitutes usury, but the authorities quite unanimously hold that if the amount of interest paid in advance be less than the maximum legal rate, or if the interest paid in advance, together with that provided for in the note, when computed on the full term of the note, does not amount to more than the maximum rate, there is no usury. 27 R. C. L. 225, 235 *et seq.*, and authorities cited.

Keeping in mind these principles of law, let us see whether the complaint here states a cause of action. The respondent first contends that, although the note calls for a principal of $10,000, as a matter of fact she only received $9,500, and that in determining whether usury exists it is necessary to calculate interest upon that principal. It would seem that the learned trial judge accepted this view. We think it is wrong. The principal of the loan was, as recited in the note, $10,000. It is true that in one sense the respondent actually received but $9,500, but this is so because she paid a part of her interest in advance, and this she paid out of the principal sum she borrowed. The transaction amounts to this and no more—that, at the time the loan was made, the appellant paid respondent $10,000, and she at once thereafter paid back $500 to apply on the interest during the three-year period of the note, or, which is the same thing, the appellant deducted from the $10,000 the $500 of interest. It seems to us to necessarily follow from this analysis that the amount of the loan was $10,000.

Our statute (§ 7300, Rem. Comp. Stat.) [P. C. § 3156], provides that any rate of interest not exceeding 12 per cent per annum shall be lawful. Ten per cent is provided in the note on the principal of $10,000 for three years, which would have been $3,000 interest.

Add to that the $500 interest paid at the time the loan was made and the total is $3,500. Interest on the principal of the note at twelve per cent, the maximum legal rate, for three years, would be $3,600; thus, if the note had been paid according to its terms, the appellant would have received $100 less than the legal maximum. It is true that, on a one-year basis, the amount respondent paid would be excessive interest. But she was not required to pay before three years, and in determining whether there is usury we must calculate the interest on the three-year basis. As was said in *Cissna Loan Co. v Gawley, supra*:

"Such a payment [in advance of the due date] would be voluntary on the part of the borrowers. They were in no way obligated to pay the loan before maturity. The agreement was thus in the nature of a penalty which the lender exacted for the privilege of paying before maturity. Not being capable of enforcement by him, it was not usurious."

We consider this case as decisive of the one at bar. The following are some additional authorities which support the view we have taken: Web on Usury, § 32; *Clement Mortgage Co. v. Johnston*, 83 Okl. 153, 201 Pac. 247; *Tholen v. Duffy*, 7 Kan. 405; *Brown v. Scottish-American Mortgage Co.*, 110 Ill. 235; *Fowler v. Equitable Trust Co.*, 141 U. S. 384; *Upton v. O'Donahue*, 32 Neb. 565, 49 N. W. 267; note to *Loganville Banking Co. v. Forrester*, 143 Ga. 302, 84 S. E. 961, L. R. A. 1915D 1195.

It is our view that the contract involved here was not tainted with usury, and that the demurrer to the complaint should have been sustained. The judgment is reversed, and the cause remanded with permission to amend the complaint, if so desired.

MAIN, C. J., MACKINTOSH, and TOLMAN, JJ., concur.

PEMBERTON, J. (dissenting)—I dissent.

Section 7300, Rem. Comp. Stat. [P. C. § 3156], provides as follows:

"Any rate of interest not exceeding twelve (12) per cent per annum agreed to in writing by the parties to the contract, shall be legal, and no person shall *directly or indirectly take or receive in money, goods, or thing in action, or in any other way,* any greater interest, sum or value for the loan or forbearance of any money, goods or thing in action than twelve (12) per centum per annum."

Appellant in this case took a note for a larger sum than the amount loaned. The note was for $10,000, $9,500 was received by the borrower. Nine thousand five hundred dollars at twelve per cent per annum would amount to an interest of $3,420 in three years. The note given, according to its terms, bears ten per cent interest on $10,000. This would be $3,000 for three years. Had the contract run for the full period of three years appellant would have received $10,000 as principal in the note, $3,000 at ten per cent interest on this amount, and $500 deducted at the time of the execution of the note, making a total of $13,500, when under the law, upon the actual amount received by the borrower of $9,500, at the maximum rate of twelve per cent for three years, he could receive but $12,920. By having the interest, or portion of it, paid in advance, appellant is receiving upon the actual money he paid out the sum of $580 more than the maximum allowed by law.

The majority opinion says that:

"The authorities quite unanimously hold that if the amount of interest paid in advance be less than the maximum legal rate, or if the interest paid in advance, together with that provided for in the note, when computed on the full term of the note, does not amount to more than the maximum rate, there is no usury."

Upon my investigation of the authorities I find that the authorities unanimously hold to the contrary. In

fact, the authority relied on by the majority opinion, 27 R. C. L. 225, 235, holds that a statute like ours does not permit of the interest being paid in advance, when in fact the amount paid by the borrower is in excess of the legal rate allowed by law upon the sum actually received by the borrower.

"A statute making it unlawful to reserve or take for any loan of money any rate of interest greater than a certain per cent per annum, either directly or indirectly by way of commission, discount, exchange, or by any contract or contrivance or device whatever, has been construed to prohibit the taking of interest in advance; and express authority by statute given to banks and other corporations to reserve interest in advance has been regarded as furnishing a strong implication that other persons were not entitled to take interest in this way." 27 R. C. L. 226.

"Taking the highest rate of interest in advance, so that the borrower receives less than the principal sum he contracts to repay, is unquestionably usurious on principle, and seems at first to have been so considered in all cases. But an early concession was made to the usage among banks and other persons dealing in commercial paper whose customary short term loans made the violation of the law involved insignificant. The usage has widened, however, as is the custom of the law merchant, until at the present time it is the settled rule that upon any short term loan interest may be reserved in advance at the highest legal rate without rendering the loan usurious. But some American courts still insist that the right to take such advance interest is strictly confined to commercial transactions. It is manifest that the rule permitting interest in advance must be limited to short term loans, since otherwise the borrower might incur an obligation to repay a large sum in consideration of the present receipt of an insignificant amount. But no limit has been fixed by the cases by which to determine the maximum period that will be permitted. The taking of interest in advance on loans for one year has been held to be legal; but with a single exception there seems to be

no case in which a loan stipulating for full legal interest in advance for a longer period has been held enforceable in the absence of special statutory provision." 39 Cyc. 948.

The single exception referred to was in the case of *Grider v. Driver,* 46 Ark. 50, wherein a loan was made for two years, while the loan in question in this case is for three years.

The judgment of the trial court holding the note usurious should be affirmed.