## LOW v. SUTHERLIN, BARRY & CO., Inc.

Circuit Court of Appeals, Ninth Circuit.
October 21, 1929.

No. 5785.

Ewell D. Moore, D. A. Knapp, and John H. Bradley, all of Los Angeles, Cal., for appellant.

Joseph L. Lewinson, Royal Martineau, Warren Stratton, and Walter S. Barrette, all of Los Angeles, Cal., for appellee.

Before DIETRICH and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. Under the statutes of California (St. 1919, p. lxxxiii), the highest rate of interest which may be agreed upon is 12 per cent. per annum. Any contract for a rate in excess of that amount is declared to be void, and it is also provided (section 3) that, where any one shall for "any loan or forbearance of money" pay any greater rate, he may recover from the payee treble the amount, provided he commences an action for that purpose within one year after such payment.

On July 26, 1927, the plaintiff herein commenced such an action for the recovery of treble the amount of $55,000, which she contended had been exacted from her by the defendant as usurious interest subsequently to the 12th day of August, 1926. On August 15, 1928, she filed an amended complaint, in which she alleged that the usurious

exactions amounted to $73,870, and prayed for a judgment of $221,610. Sustaining defendant's demurrer thereto upon the ground that it did not state a cause of action in usury, and upon the further ground that the purported cause of action was barred by the statute of limitations, the court ordered the action dismissed, and from the judgment of dismissal the plaintiff prosecutes this appeal.

In substance the material facts exhibited by the amended complaint are as follows: Being the owner of properties of considerable value in southern California, and being indebted to divers persons in large amounts, the plaintiff in the latter part of June, 1925, entered into a contract with the defendant under the terms of which she was to issue bonds in the aggregate sum of $360,000, secured by a trust deed upon her properties. The bonds were to be dated August 1, 1925, and to bear interest from that date at the rate of 7 per cent. per annum, and were to mature at different dates as set forth in the agreement. She was to pay all expenses usual and customary in connection with a bond issue of that character, including the fees of the state corporation commissioner and the state superintendent of banks in California, title insurance, and other items specifically mentioned. She was to procure and did procure from the corporation commissioner a permit for the issuance of the bonds, including permission to sell the same at the rate of 90 cents on the dollar. Pursuant to the agreement, she executed the bonds, and a trust deed to secure the same, to a trustee agreed upon, and authorized the trustee to sell the bonds at the rate of 90 cents on the dollar. The entire issue of bonds was sold to the defendant at such rate, namely, for the aggregate amount of $324,000, which it paid to the trustee for the plaintiff's use and benefit, and from that amount, pursuant to directions from the plaintiff, the trustee withheld $7,187.20 to cover the expenses hereinbefore referred to. It is not alleged that such sum of $7,187.20 was in excess of the actual expenses incident to the issue or that defendant secured any net benefit therefrom.

In the complaint, however, it is charged that, in addition to the 10 per cent. discount at which the bonds were sold, the defendant exacted and received $5,900, "as and by way of a separate bonus for the lending of the money" secured by the trust deed. It is shown that the transaction, in so far as these particular items are concerned, was closed on September 23, 1925, upon which date the bonds were by the trustee delivered to the defendant. It is further alleged that prior to April 5, 1926, the plaintiff paid to the trustee, for the credit of the defendant, interest upon the bonds in the sum of $6,300, and that prior to April 5, 1926, the defendant had collected as rents from the mortgaged properties, and applied upon interest on the bonds, $2,500, making an aggregate interest payment prior to April 5, 1926, of $8,800. It is further averred that on or about April 5, 1926, at a time when admittedly there was due and unpaid as accrued interest an additional amount of $7,210, the defendant and the trustee on behalf of the defendant demanded of and charged plaintiff the sum of $19,000 as accrued interest on the bonds at said date of April 5, 1926.

The plaintiff does not allege that she ever tendered the $7,210, nor does she affirmatively allege that the greater sum demanded, namely, $19,000, was not due on April 5th, but she charges that, upon the claim that she was in default in the payment of the interest due at that time, the trustee, acting under a provision of the trust deed so authorizing, and pursuant to the request and demand of the defendant, declared the whole of the principal sum of the bonds due and payable although according to their terms they were not then due. She further alleges that the property covered by the trust deed was at that time of the value of $500,000, "that as a final act in the said transaction defendant brought about the sale by said trustee of the said property unto itself, without the consent or permission of plaintiff, for the sum of two hundred ninety-two thousand five hundred ($292,500.00) dollars, and that sale was made by said trustee on the 12th day of August, 1926." She further charged "that defendant connived to secure and did secure the purchase of said property at said sale by said trustee in said sum of two hundred ninety-two thousand five hundred ($292,500.00) dollars, notwithstanding the actual value thereof was the sum of five hundred thousand ($500,000.00) dollars as aforesaid, to prevent plaintiff from paying the alleged interest, nineteen thousand ($19,000.00) dollars, on said bonds, or any part thereof, and thereby did prevent plaintiff from paying said interest or any part thereof."

There is no allegation of any fraudulent or wrongful act on the part of the trustee, or of any fact to show that the sale was improperly or irregularly or unlawfully made, or that she ever at any time made any tender of interest, or any payment on account there-

of, other than the $8,800 in the aggregate above referred to. The pleading closes with the astonishing averment, in substance, that the $19,000 claimed as interest, but which plaintiff had just alleged she was prevented from paying, and the $36,000 discount, and the $7,187.20 expense money, and the $8,800 paid as interest, and some note for $2,950, paid by her to defendant, "aggregate the sum of seventy-three thousand eight hundred seventy ($73,870.00) dollars, all of which aggregate sum was paid by plaintiff and received by defendant as interest or forbearance on the part of defendant for the loan of the sum of three hundred twenty-four thousand ($324,000.00) dollars from August 1, 1925, to April 5, 1926," and that said sum constitutes usurious interest.

Perhaps it should be added that plaintiff never made any tender to defendant or the trustee of the interest she concedes was in default, or by any proceedings in or out of court sought to prevent the acceleration of the maturity of the bonds or the sale of the property. Nor in this action does she seek to recover on account of any overpayment, or to set aside the sale as having been for any reason illegally made; nor is it an action for the recovery of damages for any tortious act.

By their terms the bonds were to mature serially, the first group of $12,000 on August 1, 1927, and the last group, $95,000, on August 1, 1940, with other groups at intervening dates. It will be sufficient for present purposes to say that $179,000 in the aggregate of the bonds were to run for periods of 10 years or more. It will thus be seen that, if plaintiff had made the payments called for by the contract as evidenced by the bonds and the trust deed, in compliance with the terms thereof, the aggregate interest collected or collectible would and could not have exceeded the total amount which might have been legally charged (12 per cent.), even upon the assumption that all the items in full going to make up the alleged $73,870 are subject to classification as interest. But clearly the item of $7,187, constituting reimbursement to defendant for the expenses of the bond issue, and from which it received no benefit, could in no possible view be regarded as an interest payment. Nor, if it was not due or owing, could that part of the $19,000 demand, in excess of the $7,210 thereof admitted to be accrued interest, be so regarded. It was not paid, and the statute does not denounce as recoverable usury an unauthorized demand by the creditor which the debtor refuses to pay.

There are some discrepancies in the pleading, and apparently some of the other items were not in fact paid; but construing the allegations most favorably to plaintiff, and assuming the payment of all other items, and further assuming that the 10 per cent. discount and the alleged bonus of $5,900 are to be treated as interest paid, there is still no usury, unless we hold that a transaction entirely legal upon its face, and a contract nonusurious if complied with by the debtor, may be rendered by him usurious and illegal by his voluntary default in respect thereto. That a debtor cannot so bring his creditor under heavy penalties is too clear to admit of discussion, and the authorized acceleration of the maturity dates of the bonds does not render the transaction usurious. See 27 R. C. L. p. 234, § 35; Haines v. Commercial Mortgage Co., 200 Cal. 609, 254 P. 956, 255 P. 805, 53 A. L. R. 725; Cissna Loan Co. v. Gawley, 87 Wash. 438, 151 P. 792, L. R. A. 1916B, 807, Ann. Cas. 1917D, 722; Lewis v. Vassar, 132 Wash. 480, 232 P. 312; Shropshire v. Commerce Farm Credit Co. (Tex. Civ. App.) 266 S. W. 612; Kaston v. Butterfield Live Stock Co. et al. (Idaho) 279 P. 716; American Investment Co. v. Lyons, 29 N. M. 1, 218 P. 183; American Investment Co. v. Roberts, 29 N. M. 99, 218 P. 1037; Clement Mtg. Co. v. Johnston, 83 Okl. 153, 201 P. 247; Bank of United States v. Waggener, 9 Pet. (34 U. S.) 378; Nichols v. Fearson, 7 Pet. (32 U. S.) 103, 8 L. Ed. 623. [4] In both her pleading and her brief plaintiff repeatedly states that defendant intended to take an amount constituting usury, but intent without the act is of no effect, and, as we have seen, had plaintiff complied with the contract, the interest which she would have paid would have been far within the law.

Affirmed.