## CHICAGO, R. I. & P. R. CO. v. SMITH, Exec.

No. 9489—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

**1. Railroads—Action for Negligent Death—Contract Relieving from Liability—Validity—Constitutional Law.**

In the instant case the deceased was one of the owners of an elevator situated upon the right-of-way of the defendant railway company, and while in the discharge of his duties in unloading a car of grain, it is alleged, a train negligently bumped into the car he was unloading, and as a result the deceased was injured, from which he in a few days thereafter died. As one of its defenses the defendant railway company pleaded a contract which one of the partners for the firm of which the deceased was a member had, prior to the erection of the elevator, entered into with the railway company, wherein it was agreed that, in consideration of the execution of the contract and the benefits and privileges to be derived therefrom by the lessees, the railway company was to be released from liability for damages for injury to, or death of, persons, including lessee, or any other person, which damage might be cast upon the railway company, arising directly from, or indirectly due to, the

use, occupancy, or operation of the premises by the lessee, irrespective of whether any act of neglect of the railway company or its employes might cause or contribute thereto. To this defense the plaintiff interposed a demurrer, which was by the court sustained. Held, that the contract pleaded, seeking to relieve the railway company from liability, is repugnant to sections 7 and 8 of article 23, Williams Ann. Const. Okla., which provides:

"Section 7. The right of action to recover damages from injury resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation.

"Section 8. Any provision of a contract, express or implied, made by any person by which any of the benefits of this Constitution is sought to be waived, shall be null and void."

**2. Appeal and Error—Harmless Error—Admission of Evidence—Action for Negligent Death.**

In this case the parties hereto admit there was no warning prior to bumping into a car from which the deceased was unloading grain. The plaintiff offered evidence tending to show that on other occasions, without warning, the trains of the railway company had bumped into cars being unloaded at the same place, and that the station agent had been notified of such.

The defendant objected to this evidence, for the reason that it tended to prove acts of negligence entirely distinct from the alleged act sued upon. Held, that this evidence, if incompetent, would merely go to prove that warning was not given to those unloading grain from the car prior to the bumping into the car and the injury thereby resulting, and as this is admitted, then the admission of this evidence was harmless and, under section 6005 of the Revised Laws of 1910, the cause should not be reversed even though the evidence be incompetent.

**3. Railroads—Damages for Negligent Death —Evidence.**

The evidence as shown by the record and authorities cited examined, and we find that under the evidence adduced there was evidence sufficient to submit the issue of primary negligence to the jury.

**4. Appeal and Error—Instructions—Action for Negligent Death.**

The instruction requested and those complained of examined, and we find that there was no error therein sufficiently serious to require a reversal of the cause.

Error from District Court, Stephens County; W. M. Bowles, Judge.

Action by Myrtle B. Smith, executrix of the estate of Fred W. Smith, deceased,

against the Chicago, Rock Island & Pacific Railway Company for $35,000 damages for the negligent death of Fred W. Smith. Judgment in favor of plaintiff for $11,000, and defendant brings error. Affirmed.

W. H. Moore, C. O. Blake, R. J. Roberts, and John E. DuMars, for plaintiff in error.

McKeever & Moore, for defendant in error.

HIGGINS, J. For convenience, the parties to this suit will be referred to as they appeared in the trial court; that is, the defendant in error will be referred to as plaintiff, and the plaintiff in error will be referred to as defendant.

The plaintiff, as executrix of the estate of Fred W. Smith, deceased, brings this suit against the defendant for damages for the negligent death of the deceased, and in her petition alleges and avers that she is the wife of the decedent, and that James C. Smith, age 8 years, and Fred W. Smith, age 4 years, are minor children of the deceased and the petitioner; that the deceased was 36 years of age at the time of his death and was earning about $3,000 a year and was the sole and only support of his wife, the petitioner, and his minor children above named.

She alleges that the deceased at the time of his injury was engaged in conducting an elevator in the city of Enid, Garfield county, Oklahoma, known as the Stephenson Elevator, located on the right-of-way of the defendant company, and in pursuance of the conducting of said business the deceased was having unloaded a car of grain which had been spotted by the defendant and was setting alongside of said elevator; that with an employe inside of said car, the grain was being taken therefrom and placed in a chute which carried it from the car to the basement of the elevator; that immediately north of this car there was another car on the same sidetrack situated some 20 or 25 feet from the elevator car and between the elevator car and the switch stand to the north, which was being unloaded by other parties.

The plaintiff further avers that a train from the main line backed into this sidetrack and bunted in and coupled to the car immediately to the north of the elevator car, and that the servants and employes of the defendant in charge of the train, in a

thoughtless and heedless manner, with a reckless disregard for the safety of the deceased, who was in the discharge of his duties in looking after his property and assisting in the unloading of the grain, wantonly, carelessly, and negligently bumped into the car standing at the elevator from which grain was being unloaded, with great violence, and knocked this car forward, and as a result the left hand of the deceased was caught between the chute on the elevator and a portion of the car and mangled, and as a result of said injury tetanus set up, from which the deceased died; that the injury was received by the deceased by reason of no fault of his. The plaintiff further pleads that the defendant had been warned by the owners of the elevator with reference to bunting cars on the sidetrack while it was being occupied by said elevator owners, and that on other occasions the servants and employes of the defendant had negligently bunted cars, and that in disregard of said warning had on two other occasions knocked the chute off from the elevator.

The plaintiff prayed for judgment in the sum of $35,000.

The defendant files a general denial; admits, however, that it is a corporation, and further pleads that the deceased at the time of his injury was guilty of negligence and carelessness which directly and proximately contributed to cause his injury; that is, the deceased knew and was warned by the employes that it was the intention of the defendant to couple onto and move the car being unloaded, as alleged in the petition, and said decedent negligently and carelessly failed to take proper precaution to prevent be'ng injured when said car was moved, and negligently and carelessly placed his hand in a position to be mashed and injured when said car was moved; and that this negligence and carelessness on the part of the decedent directly and proximately contributed to cause the injury of which the plaintiff now complains.

The defendant further pleads as a separate defense that on a day prior to this injury the defendant had entered into a certain contract with one A. E. Stephenson for the erection of the elevator in question; that Stephenson in making the contract was acting for and in behalf of a partnership of which the deceased was a member, and that under the terms of the contract all buildings were to be a certain distance from the track of the defendant; that the chute into which the grain was unloaded was within

this distance, and was therefore a breach of the contract. It is further pleaded that, in consideration of the execution of the contract in question and the benefits and privileges to be derived by the lessees therefrom, the lessees released the lessor from all liability for loss or damage by reason of destruction of or injury to property, or injury to or death of persons, including the lessees, which loss or damage might be sustained by or cast upon the lessee, the lessor, or any person or corporation whatsoever, when arising directly from or indirectly due to the occupancy, use, or operation by the lessee of said demised premises, irrespective of whether any act of negligence of the lessee or his employes or the lessor or its employes shall have caused or contributed thereto.

The defendant pleads that under this contract it is absolved from all liability to the plaintiff, and that plaintiff is barred and estopped from maintaining this suit.

To that portion of defendant's answer wherein it specially defends against liability to the plaintiff under the contract alleged in the petition, the plaintiff filed a demurrer, which was by the court sustained, to which action an exception was taken by the defendant. The defendant stood upon his answer as filed.

The plaintiff then filed a general denial to the answer.

The judgment was in favor of the plaintiff in the sum of $11,000, from which an appeal is taken to this court.

The specification of errors, as filed in this court, upon which a reversal is sought is as follows: First, the court erred in sustaining plaintiff's demurrer to that portion of the answer wherein defendant was specially defending under a contract; second, that the court erred in admitting evidence of alleged acts of prior negligence; third, in overruling defendant's demurrer to the evidence; and fourth, in refusing and the giving of certain instructions.

We shall take up these specifications of error in the order in which they are presented.

Under the first assignment of error—that the court erred in sustaining a demurrer to the special defense set forth in the within contract wherein the defendant contends that it is relieved from the liability set forth in plaintiff's petition—in support of this contention the following cases are cited: North-

ern Pacific R. Co. v. Adams, 192 U. S. 440, 48 L. Ed. 513; Hartford Fire Ins. Co. v. Chicago, M. & St. P. R. Co., 175 U. S. 91, 44 L. Ed. 84; Milton Mfg. Co. v. Chicago, B. & Q. R. Co., 237 Fed. 118; Wabash R. Co. v. Ordelheide, 192 Mo. 436; Batesburg Cotton Oil Co. v. Southern R. Co. (S. C.) 88 S. E. 360; Quick Milling Co. v. Minneapolis & St. L. R. Co. (Minn.) 107 N. W. 742; Kansas City, M. & B. R. Co. v. Southern R. Co., 151 Mo. 373, 45 L. R. A. 380, 74 Am. St. Rep. 545.

The first case herein cited is where a passenger was riding upon a free pass by the terms of which the railroad company was relieved of liability for any injury to the passenger while traveling upon this pass. The last case is where an employe of a news company was injured while in the discharge of his duties as such, and sued the railroad company and recovered damages for his injury. The railroad company then sued the news company for the amount of damages recovered, upon a contract wherein the news company had agreed to relieve the railroad company of such damages. The court held the contract valid. The other cases are where the railroad company was sued for negligently setting fire to property situated upon its right-of-way under contract similar to the one in question. There is no case cited, which bears directly upon the facts of the instant case, wherein the railroad company has prevailed by virtue of a contract relieving it of liability for its negligence by which a personal injury was inflicted.

Sections 7 and 8 of art. 23 of the Constitution of this state provide:

"Section 7. The right of action to recover damages from injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitations.

"Section 8. Any provision of a contract, express or implied, made by any person by which any of the benefits of this Constitution is sought to be waived, shall be null and void."

Missouri, K. & T. R. Co. v. West, 38 Okla. 581, 134 Pac. 655, is a case wherein an express messenger was killed in the discharge of his duties as such, and from the evidence it appears that prior thereto in his contract of employment he had signed waiver clauses wherein the company was to be relieved from liability. This court, speaking through Mr. Justice Kane, said:

"The waiver clauses are void under sections 7 and 8, art. 23, of Williams' Ann. Const. of Oklahoma."

We therefore find that the contract pleaded

by defendant as a defense relieving it from liability for the negligence and resulting injury alleged, is repugnant to sections 7 and 8 of article 23 of our Constitution, and for that reason the trial court committed no error in sustaining a demurrer to the same.

In the second assignment of error the defendant contends that the court admitted in evidence other acts tending to show negligence on the part of defendant at a time other than when the injury in question occurred.

A. E. Stephenson, a witness called in behalf of the plaintiff, over the objections of the defendant, testified: That prior to the injury to Mr. Smith he had had trouble with the defendant in disturbing the cars spotted at the elevator; that cars of defendant some five or six times had without notice bumped into a car standing at the elevator and that the spout had been knocked down; that the elevator people got so they used a red flag, and that after the use of this flag the trains of the defendant company again some three or four times bumped into a car at the elevator, and that he told Mr. Harding, the station agent, about it.

Edwin Harding, station agent, called by the defendant, in his direct testimony testified that some three or four weeks prior to the injury there was complaint made to him by some one connected with the elevator that the cars standing at the elevator had been handled rather roughly and that the spout had been knocked down, and that he took the matter up with the switch foreman and cautioned him to be more careful and told him about the complaints, and that they had no further trouble.

It is contended by the defendant that the only proper purpose and the natural effect of the foregoing evidence was to get before the jury prior acts of negligence wholly disconnected with the cause of action sued on. In support of this contention there is cited 8 Encyclopedia of Evidence, 939; Little Rock & M. R. Co. v. Harrell (Ark.) 25 S. W. 117; Pueblo Building Co. v. Klein (Colo.) 38 Pac. 608; Dalton v. C., R. I. & P. R. Co. (Iowa) 86 N. W. 272.

The plaintiff contends that the evidence is competent to show the condition of the place as to the danger, and to show notice to those in control of the defendant's trains. In support of plaintiff's contention there is cited Elam v. Mt. Sterling (Ky.) 20 L. R. A (N. S.) 668; Osborne v. Detroit (32 Fed. 36) on same page of L. R. A.; Glennen v. Boston Elevated R. Co. (Mass.) 93 N. E. 700, 32 L. R. A. (N. S.) 471.

In the instant case it is admitted by both sides that there was no warning given by the train crew to those working at the car bumped into. The only purpose for which a jury could consider this evidence, if incompetent, was to determine whether or not a warning was given prior to the time the car was bumped into, and, as this was admitted, we find the error, if any, in admitting this evidence was harmless, and, being harmless, that under section 6005 of the Revised Laws of 1910 the cause should not be reversed for that reason.

Under the third and fourth assignments of error it is urged that there is no evidence that the negligence of the defendant was the proximate cause of the deceased's injury and resulting death.

We have carefully examined the record and authorities cited and find that the evidence adduced at the trial was sufficient to submit the same for the consideration of the jury, and therefore the judgment should not be reversed for that reason.

We have examined the fifth and sixth assignments of error, these being in regard to the refusal and the giving of certain instructions, and have carefully examined the record and authorities in support thereof, and find no prejudicial error requiring a reversal of this cause.

Judgment affirmed.

OWEN, C. J., and PITCHFORD, McNEILL, and BAILEY, JJ., concur.