## WILLIAMS v. WOOD.

No. 22334.    June 12, 1934.

Sigler & Jackson, for plaintiff in error.

Brett & Brett, for defendant in error.

RILEY, C. J. This is an appeal from a judgment in favor of defendant in error in an action to recover double the amount of interest alleged to have been charged, received, and accepted upon some 15 promissory notes, the claim being that of usury upon each of said notes.

The notes were small, ranging from $5 to $15.

The action originated in justice of the peace court, where defendant obtained judgment. Plaintiff appealed to the district court, where the cause was tried to the court without a jury. Judgment was rendered for plaintiff, and defendant appeals.

The uncontradicted evidence shows that the plaintiff was employed in a laundry, and being in need of money from time to time, she applied to defendant, first, on July 30, 1927. Defendant loaned her the sum of $5, for which she signed a note by the terms of which she promised to pay defendant the

548

sum of $5, at the rate of $1.65 per week until the full sum of $5 was paid, with ten per cent. interest from date on all deferred payments, with a provision that in case any installment was not paid when due the whole note was thereby matured. All other notes were the same except as to amount.

The uncontradicted evidence is, and the trial court found, that plaintiff paid on each $5, and within four weeks after the date thereof, the sum of $6.60, or $1.60 interest for $5, for each four weeks. This was an annual rate of interest of about 416 per cent. Total amount of interest thus charged was $43.20. Judgment was for $86.40, and $25 attorney fee.

The only defense was that the notes on their face were not usurious, and that an alleged settlement agreement had been entered into by the parties and signed by plaintiff.

Defendant cites and relies upon Clement Mtg. Co. v. Johnston, 83 Okla. 153, 201 P. 247. That case does not support his contention. There, as here, the contract itself did not show it to be usurious. There plaintiff, Johnston, requested that he be allowed to pay the note before maturity and at a time when he was not entitled to pay same under the contract.

Defendant permitted him to do so, but charged him the full rate of interest under the contract down to date of payment, and an additional ten per cent. interest on the principal note for ten days. Therein it was held that exacting payment of the legal interest, which will accrue as a condition to accepting payment of the principal before it is due, does not constitute usury. The charge was said to be one for the privilege of terminating the contract rather than compensation allowed for the use, forbearance, or detention of money or its equivalent.

There is no such question in the case here under consideration.

In Dies v. Bank of Commerce of Sapulpa, 100 Okla. 205, 229 P. 474, and many other subsequent cases, it is held:

"It is the uniform policy of the courts not to permit an act forbidden or penalized by statute to be done either directly or indirectly. This court will not uphold any shift or device by which the lender may receive more than 10 per cent. per annum for the use or forbearance of money."

There the note involved did not show upon its face that the usury was being charged. Usurers seldom permit their contracts to show upon their face usurious charges of interest. Many and various shifts and devices are used to cover the unlawful transactions. The trial court properly held that usurious interest had been charged, accepted, and received.

There was no error in finding and holding that the alleged settlement agreement had not been signed by plaintiff. She denied under oath the signature as being hers. No evidence whatever other than her admitted signature on the notes was produced or offered to prove the genuineness of the purported signature contained upon the settlement agreement.

The court permitted this purported agreement to be admitted in evidence without further proof of the genuineness of the signature, but thereafter found as follows:

"I will find she did not sign this paper. I think there is some question about it being her signature, as compared with these other signatures. * * *"

There was a request for findings of fact by the defendant.

There is no error. No other judgment could have been properly rendered under the facts proved.

Judgment affirmed.

SWINDALL, McNEILL, WELCH, and BUSBY, JJ., concur.