## SHOENFELT v. DONNA BELLE LOAN & INV. CO.

No. 25501.   May 21, 1935.

N. B. Day and Woodson E. Norvell, for plaintiff in error.

Wm. Blake, for defendant in error.

PER CURIAM.  Plaintiff sues defendant for a total of $200, representing the alleged double liability to her under the usury laws of the state of Oklahoma, growing out of alleged demands and collections of usurious interest by defendant from plaintiff in connection with various short time loans made to plaintiff by defendant.  Defendant defends only on the ground that after the usurious transactions had been completed and closed, the plaintiff, for consideration of $1 each, executed written releases and discharges of all claims or causes of action against defendant for usury, and is bound thereby, and barred from recovering.  As against this defense, plaintiff contends: First.  That the releases are void because they are in violation of the Constitution and statutes of the state relating to usury, and the statutes declaring certain contracts to be unlawful as against public policy, including section 9487, O. S. 1931, and in violation of section 9506, O. S. 1931, requiring persons to abstain from injuring the person or property of another or infringing upon his rights, and in violation of section 8, article 23 of the Constitution, making null and void any contracts by which the benefits of the Constitution are sought to be waived; and, second, that the releases are also void for the further reason that there

was not any dispute as to the usurious transactions, and the consideration of $1 each for the releases was not an adequate consideration, and that undisputed or liquidated obligations cannot be compromised or released by payment of less than the full amount thereof. There is no claim by plaintiff of fraud, duress, undue influence, or mistake.

It appears from the record that defendant made several short time loans and renewals thereof to plaintiff, secured by chattel mortgage on her household effects, the first of which series of transactions occurred between May 2, 1931, and June 30, 1932, and the second of which occurred between September 19, 1932, and November 10, 1932. It is not necessary to detail the facts with reference thereto, but sufficient to say that the charges made for the use of the money loaned, being in excess of the rate of interest allowed by law, were usurious and in violation of the Constitution and laws of this state. Sections 2 and 3, art. 14, Oklahoma Constitution (being running sections 13682, 3, O. S. 1931); sections 9518 and 9519, O. S. 1931; Ardmore, etc., v. Thompson, 57 Okla. 521, 164 P. 977; Geo. M. Paschal & Bro. v. Bohannon, 59 Okla. 139, 158 P. 365; Dies v. Bank, 100 Okla. 205, 229 P. 474.

After the first series of transactions was completed and closed and the loans and usury paid by plaintiff to defendant, plaintiff at the request of defendant signed a release and was paid $1 therefor by defendant, said release being as follows:

"Tulsa, Okla. Sept. 19, 1932.
"For one dollar and other valuable consideration to me in hand paid, receipt of which is hereby acknowledged, I do by these presents forever release and discharge The Donna Belle Loan and Investment Co. from all claims, or causes of action, for usury or any other action, I now have or might have against it by reason of certain advancement or loans of money made to me by The Donna Belle Loan and Investment Co. prior to this date, this release to be binding on my heirs, executors, administrators and assigns.

"Mrs. Geo. B. Schoenfelt.
"Witnesses:"

After the second series of transactions was completed and closed and the loans and usury paid by plaintiff to defendant, plaintiff, at the request of defendant, signed another release, in the same form, and was paid a like consideration of $1. While the releases recite "For one dollar and other valuable consideration," it is not contended by either party that there was any other consideration.

This suit originated in the justice of the peace court, and defendant appealed from a judgment against it to the common pleas court, and the case was there tried to the court, a jury being waived. On the trial in the latter court plaintiff's counsel asked defendant's counsel: "Will you stipulate that usury has been charged?" to which defendant's counsel replied: "I do not think so, I would rather that matter be proved, I would rather that be proved as a matter of record, rather than stipulate it." One of defendant's witnesses connected with the handling of the transactions for it testified that she knew "it was usurious interest." Neither in the trial nor in the brief on appeal does defendant question plaintiff's contention as to the amounts of the various loans, nor as to the amounts charged therefor, nor that such amounts represented usurious interest. We assume, therefore, that there was never any dispute as to these matters.

The cases cited by plaintiff in support of her first contention are cases holding that transactions and contracts in violation of law, including usurious transactions and contracts, will not be permitted or enforced, nor will the courts permit the usury laws to be violated directly or indirectly. These principles of the law have been announced and adhered to by this court in many cases involving usury, and other cases, but this court has not passed on the question of whether or not parties to a past and completed usurious transaction may compromise or settle the claim for the statutory penalty, or whether the party in whose favor the recovery of the statutory penalty exists can release the same for a valuable consideration. We find nothing in the Constitution or statutes which prohibits parties from settling or compromising, for a valid consideration, bona fide, disputed, or unliquidated claims, whether they involve disputes over alleged charges of usury, or otherwise. Section 8 of article 23 of the Oklahoma Constitution, making null and void provisions of contracts by which persons seek to waive the benefits of the Constitution, was not intended to prohibit parties from freely and voluntarily compromising or releasing disputed or unliquidated claims or rights of action for a valid consideration. This provision of the Constitution has been held by this court to

prohibit the enforcement of contracts, such as those by which it is sought to waive a possible future right of action, such as that for death, which, under section 7, article 23 of the Constitution (being running section 13720, O. S. 1931), cannot be waived or abrogated. See Chicago, R. I. & P. Ry. Co. v. Smith, 77 Okla. 297, 188 P. 670; Missouri, K. & T. Ry. Co. v. West, 38 Okla. 581, 134 P. 655. Compromises and settlements are favored by the law. Pacific Mutual Life Insurance Co. of California v. Coley, 62 Okla. 161, 162 P. 713. A cause of action for the recovery of usury is one upon an implied contract. Yates v. First National Bank, etc., 42 Okla. 95, 140 P. 1174, and an action thereon is in the nature of an action for debt. Bean v. Rumrill, 69 Okla. 300, 172 P. 452. While a party may not lawfully agree in advance not to claim the benefits of the protection given him by the provisions of the Constitution and statutes relating to usury, yet a disputed or controverted claim therefor growing out of a completed transaction may be voluntarily compromised, settled, or released, for a valid consideration. 66 Corpus Juris, page 290, sec. 273; Gibson v. Hicks (Tex. Civ. App.) 47 S. W. (2d) 691.

As to plaintiff's second contention, that the consideration of $1 each for the releases was not an adequate consideration, and that her claim as to the usurious nature of the transactions was not disputed, this court has held that ordinarily in the absence of fraud, duress, undue influence or mistake, the courts are not concerned with the fairness or unfairness, the folly or wisdom, or inequality of contracts, as these are questions exclusively within the rights of the parties to adjust at the time of entering into the same. Johnson v. Richards, 99 Okla. 254, 226 P. 559; Threlkeld v. Steward, 24 Okla. 403, 103 P. 630. And one dollar has been held to be a valid consideration. St. Louis Southwestern Ry. Co. of Texas v. Thomas (Tex. Civ. App.) 244 S. W. 839. See, also, Lusk v. White, 58 Okla. 773, 161 P. 541; 53 Corpus Juris, p. 1206, sec. 21. But where, as here, the claim and the facts upon which it arises are undisputed, and the amount due is fixed by statute, or readily calculated and determined under the provisions of the statute, there cannot legally be any good faith controversy or dispute with reference to the same, or as to the liability of the defendant to the plaintiff therefor, and a release, compromise, settlement, or accord and satisfaction for a consideration of $1, or any other mere nominal consideration, is not supported by any valid legal consideration, and is void, and does not bar the right of action for full amount due.

In the case at bar it is apparent that the lender, after the completion of the transaction, or series of transactions, in violation of the usury laws of the state, pursued the policy of obtaining from the borrower a release based upon a mere nominal consideration. These releases constituted mere cloaks or subterfuges to defeat the usury laws of the state.

In considering a very similar situation in the recent case of Majestic Loan Co. v. Edmondson, 172 Okla. 222, 45 P. (2d) 504, this court approved the following applicable rule of law in paragraph 2 of the syllabus:

"A release, between a lender and borrower, relieving the lender from liability to the borrower for usury, when entered into fairly, free from fraud and coercion; based upon a valuable consideration, and for the purpose of preventing litigation concerning same, will be upheld by the courts, but where it appears that such a release was taken from the borrower by the lender to be used as a cloak or subterfuge to defeat the usury law or release the lender from liability under it, same will not be upheld by the courts."

This court had occasion to consider a similar release of claim for usury in Standard Credit Co. v. Lauderbaugh, 169 Okla. 266, 36 P. (2d) 949, and held the same to be invalid, and said:

"Constitutional and statutory provisions, regulating the rate of interest that may be charged or collected, are declarations of a public policy. A contract to pay usury is not enforceable. Likewise, a contract to abide by a contract to pay usury is not enforceable. One is as much against the fixed and declared policy of the state as the other.

"The Supreme Court of Pennsylvania, in passing on a question almost identical to the question here involved, held: 'The release contained in the agreement of May 21, 1906, cannot avail as a defense to the recovery of the usury paid by the plaintiffs. To so hold would be for this court to furnish an effective means to every lender to defeat the declared purpose of the statute, and rendered impotent a law expressive of the public policy of the state.' Thompson, et al. v. Prettyman, 231 Pa. 1, 79 A. 874, 876.

"The release is nothing more than a plan, scheme, or device by which the lender may circumvent the fixed policy of the state and

receive more than 10 per cent. per annum for the use of money."

See, also, Munn et al. v. Mid-Continent Motor Securities Co., 100 Okla. 105, 228 P. 150, where this court quoted from a previous decision, as follows:

"In the case of Bean v. Rumrill, 69 Okla. 300, 304, 172 P. 456, this court again said: 'It is the uniform policy of the courts not to permit an act forbidden or penalized by statute to be done either directly or indirectly. This court will not uphold any shift or device by which the lender may receive more than 10 per cent. per annum for the use or forbearance of money. * * * If the interest is paid, either voluntarily or from the proceeds of the sale of the borrower's property, it cannot logically be said that the same was not paid by the borrower. The law does not require a showing that the interest was voluntarily paid'."

The judgment of the trial court is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

The Supreme Court acknowledges the aid of Attorneys M. D. Green, A. W. Gilliland, and Chas. H. Johns in the preparation of this opinion. There attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Green and approved by Mr. Gilliland and Mr. Johns, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.