**TULSA THRIFT COMPANY, Inc., v. LEWIS.**

No. 26348.  March 31, 1936.

Hickman & Ungerman for plaintiff in error.

Hughey Baker, for defendant in error.

BUSBY, J.  This is an action by L. C. Lewis, as plaintiff against the Tulsa Thrift Company, Inc., a corporation as defendant. It was commenced in the court of common pleas of Tulsa county on the 8th day of May, 1934. The plaintiff sought to recover from the defendant the sum of $110 as a penalty under the usury statutes of this state forbidding the lenders of money from charging interest in excess of the maximum legal rate of 10 per cent. The cause was tried to a jury in the lower court and resulted in a verdict and judgment in favor of the plaintiff for the sum of $92.30 with interest thereon at 6 per cent. per annum from the 8th day of May, 1934, and the additional sum of $50 as attorney's fee.

The case is brought to this court on appeal by the defendant the Tulsa Thrift Company, which appears in this court as plaintiff in error. We shall continue to refer to the parties in this opinion in the order of their appearance before the trial court.

From the record it appears that on or about the 26th day of March, 1934, the plaintiff borrowed $165 from the defendant and, as security for the loan, mortgaged his Chevrolet truck. The plaintiff testified, in substance, that, according to his best recollection, he orally agreed, in consideration of the loan to repay to the defendant the sum of $31 and some cents per month for a period of seven months; that at the time the loan was made he signed a note and mortgage, which instruments were then in blank as to the amount to be repaid. A few days later the mortgage was filed for record in the office of the county clerk, but instead of reciting that it secured a debt requiring the payment of $31 plus per month for a period of seven months, it recited that it secured a debt of $177 to be paid in six monthly payments, the first five of which were to be in the sum of $31 and the sixth payment to be in the sum of $20.

Taking into consideration the nominal charges made for the services of investigating the records on the property mortgaged, notary fees, etc. the transaction did not upon the face of the instruments reflect that usurious interest was intended to be collected.

About a month after the loan had been made, or, to be exact, on the 26th day of April, 1934, the plaintiff made a deal with a Chevrolet dealer to trade his truck to the dealer. At that time the defendant was consulted by telephone as to the amount due under the loan and advised that it would require $220 to liquidate the same. Accordingly, in connection with the trade, the Chevrolet dealer sent to the defendant a check for the sum last above mentioned. Defendant, upon receipt of the check, wrote a letter to the plaintiff acknowledging the receipt thereof, but without mentioning that the amount thus received was in excess of the amount reflected to be due upon the face of the mortgage. The officers of the defendant company testified, however, that the plaintiff was several days later in a telephone conversation advised that a mistake had been made, and that the plaintiff had been inadvertently overcharged in connection with the transaction and that they stood ready to return to him the sum of $42.50. The plaintiff denied under oath that this conversation ever took place and points to the corroborative circumstance that the alleged mistake was not mentioned in the letter acknowledging receipt of the $220.

The question of fact as to whether the overcharge was a result of mistake or an intentional act on the part of defendant was submitted to the jury and determined adversely to the defendant.

The defendant urges, in substance, that, since the written contract did not call for the repayment of a sum in excess of the maximum legal rate of interest, it, the defendant, cannot be held liable for usury merely because an excessive sum was actually paid at the time the loan was liquidated.

In the case of Williams v. Wood, 168 Okla. 547, 36 P. (2d) 948 we had before us a transaction involving similar principles. The written contracts in that case, consisting of notes, did not call for the repayment of a sum in excess of the principal plus the maximum legal rate but under such contracts there was actually collected a total aggregate sum much in excess of the principal, plus interest at the rate of 10 per cent. per annum. Notwithstanding the nonexistence of a written promise to pay usurious interest, we held the transactions illegal by reason of excessive collections and approved the recovery of a penalty in connection therewith. To similar effect, see the case of Dies v. Bank of Commerce of Sapulpa 100 Okla. 205, 229 P. 474.

The defendant herein relies upon the case of Clement Mortgage Co. v. Johnston, 83 Okla. 153, 201 P. 247. That case was distinguished in the body of the opinion prepared by Mr. Justice Riley in the case of Williams v. Wood, supra. It was therein pointed out that a charge of the full legal rate of interest which will accrue as a condition to accepting premature payment of the principal does not constitute usury. In this case the sum charged was much in excess of the interest that would become due under the contract during the full period for which the loan was to run. Furthermore, in this case it was not sought to justify the excess charge upon the theory that it was one for the privilege of terminating the contract before maturity. On the contrary, the defendant, according to the testimony produced by it, did not intend to make the charge at all. The charge was thus admittedly excessive, but was said to be the result of a mistake—a matter which was in dispute between the parties, and which, upon conflicting evidence, was decided by the jury to have been an intentional charge for the use of money rather than the result of a mistake.

Upon the authority of Williams v. Wood, supra, and Dies v. Bank of Commerce of Sapulpa, supra, we find no substantial error in the proceeding before the trial court, either in submitting the case to the jury as a question of fact or in the instructions under which the case was submitted.

The plaintiff asks us to allow his attorney an additional attorney fee for defending the appeal in this court. This request will be denied.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J. and PHELPS and CORN, JJ., concur.