## SANFORD v. ANCHOR LOAN CO.

No. 26633.    Dec. 8, 1936.

Rehearing Denied Jan. 9, 1937.

Hugh Ownby, for plaintiff in error.

Hickman & Ungerman, for defendant in error.

PER CURIAM. The plaintiff in error herein sued the defendant in error, Anchor Loan Company, a corporation, for usury. The case was tried on an agreed statement of facts, the substance of which was as follows: Sanford borrowed $300 from the loan company for six months, at the end of which time he paid the $300 principal, and $80 interest. Shortly thereafter Sanford borrowed $50 from the defendant loan company, and agreed to pay as interest on this indebtedness the sum of $5 for the use of the money for 30 days. At the time he obtained the last loan, he executed a release, releasing the loan company from any claim he might then have against it for usury. At the end of the 30. days, Sanford failed to pay the $50, but made a payment of $8, and the loan was extended and another usury release was executed.

The finding of the trial court was based upon a stipulation as above recited. The trial court found that the agreement for extension of the $50 loan was sufficient consideration for the execution of the last usurious release, and held that the same was an accord and satisfaction of the claim for usury, and entered a judgment for the defendant.

We think this case is controlled by the opinion of this court in the case of Majestic Loan Co. v. Edmonson, 172 Okla. 222, 45 P. (2d) 504, and cases therein cited.

In Shoenfelt v. Donna Belle Loan & Inv. Co., 172 Okla. 346, 45 P. (2d) 507, it is said:

"A release, between a lender and borrower relieving the lender from liability to the borrower for usury, when entered into fairly, free from fraud and coercion, based upon a valuable consideration, and for the purpose of preventing litigation concerning same, will be upheld by the courts, but where it appears that such a release was taken from the borrower by the lender to be used as a cloak or subterfuge to defeat the usury law or release the lender from liability under it, same will not be upheld by the courts."

Where the facts upon which a claim of usury arises are undisputed and the amount

due can be readily calculated under statute, a release obtained by the lender from the borrower, based on mere nominal consideration, constitutes a mere cloak or subterfuge to defeat the usury law, and is void.

"This court will not uphold any shift or device by which the lender may receive more than ten per cent. per annum for the use or forbearance of money." Munn v. Mid-Continent Motor Securities Co., 100 Okla. 105, 228 P. 150.

The consideration for the extension of the time of payment of the $50 note, for a period of 30 days, is the only consideration claimed by the loan company to have passed to Sanford for the execution of the usurious release. This was nothing more than a nominal consideration. The only consideration for the execution of the first usurious release was the loan of the $50 to Sanford, and the charging of $5 interest for 30 days on this indebtedness clearly discloses that there was no consideration for the execution and delivery of the first usurious release.

In Standard Credit Co. v. Lauderbaugh, 169 Okla. 266, 36 P. (2d) 949, this court said:

"Constitutional and statutory provisions, regulating the rate of interest that may be charged or collected, are declarations of a public policy. A contract to pay usury is not enforceable. Likewise, a contract to abide by a contract to pay usury is not enforceable. One is as much against the fixed and declared policy of the state as the other.

"The Supreme Court of Pennsylvania, in passing on a question almost identical to the question here involved, held:

"'The release contained in the agreement of May 21, 1906, cannot avail as a defense to the recovery of the usury paid by the plaintiffs. To so hold would be for this court to furnish an effective means to every lender to defeat the declared purpose of the statute, and render impotent a law expressive of the public policy of the state.' Thompson v. Prettyman, 231 Pa. 1, 79 Atl. 874."

There was no sufficient consideration for the execution of this release and the trial court erred in entering judgment for the defendant. The case is reversed.

The Supreme Court acknowledges the aid of Attorneys Adrian Melton, Reford Bond, Jr., and D. M. Cavaness in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Melton and approved by Mr. Bond and Mr. Cavaness, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted as modified.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BUSBY, JJ., absent.