LIBERTY PLAN CO. v. SMITH et ux.

No. 33737. June 27, 1950.

Rehearing Denied July 18, 1950.

*220 P. 2d 239.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

Homer Cowan, of Norman, for defendants in error.

JOHNSON, J. This appeal presents error from the district court of Oklahoma county, and was brought by Sam W. Smith and Bessie E. Smith, as plaintiffs, against the Liberty Plan Company, as defendant, to recover usurious interest charged plaintiffs.

For convenience the parties here will be referred to as they appeared in the trial court, plaintiff in error as defendant, and defendants in error as plaintiffs.

Plaintiffs allege, in substance, that defendant, the Liberty Plan Company, is an express trust; that its trustees are Ernest H. Gill, M. E. Friss, Gordon Cooper and Sam S. Gill; that said company was engaged in making chattel and real estate loans; and that defendant loaned to plaintiffs, on the 22nd day of October, 1945, the sum of $500; that on this date plaintiffs owed a balance of $230 on a loan they had previously procured on the 13th day of June, 1945, which was added to the last loan, and when added did not exceed the sum of $730, plus approximately $31.47 for insurance premiums; that thereafter defendant charged and collected on said loan within a period of eight months the total sum of $1,521.73, resulting in a total charge of interest on money borrowed in the sum of approximately $760.26; that plaintiffs are entitled to judgment for twice the amount of $760.26 or $1,520.52, together with attorneys' fee in the sum of $600 and costs of the action.

Defendant filed two separate answers, one for each plaintiff. As to Sam W. Smith, it alleged that on June 13, 1945, it loaned to him $300, taking his and his wife, Bessie Smith's, note therefor; that after said note was in default and a suit had been prepared therein, same was refinanced, and the balance due thereon, including attorneys' fees, in the sum of $293.95, was paid by the said Sam W. Smith out of the proceeds of another loan made by it to him on October 22, 1945, wherein he executed and delivered to defendant his note for $1,258.20, payable in 40 monthly installments of $34.95; that said money was paid to Sam W. Smith; that he over a period of eight months only paid $45.43 on said note and by reason thereof defaulted; that when the house and furniture were destroyed by fire the note had already been turned over to defendant's attorney for collection; that when said loss under a

fire insurance policy in the sum of $1,200 was paid by check, defendant paid same to Sam W. Smith by delivering the check to him; that Sam W. Smith paid defendant $1,100 of said check and retained $100; that there was more than $1,100 due on said note, but that plaintiffs and defendant discussed and checked the payments, charges and credits, and the claim of plaintiffs that usury had been charged and all matters in controversy and reached full and complete accord, satisfaction and settlement, by which $174.95 credit was given plaintiffs. Defendant denied that more than 10 per cent interest had been charged, and asked that plaintiffs take nothing and that it recover its costs and $200 attorneys' fee for defending the action.

Plaintiffs filed a joint reply denying all the allegations of the answers inconsistent with their petition; further denying that there was any consideration for the alleged accord and satisfaction claimed by defendant. Upon these issues a trial was had to a jury which resulted in a verdict for plaintiffs for $490. The court approved the verdict, and adjudged that plaintiffs have and recover from defendant the further sum of $150 attorneys' fee, costs and interest. From an order denying motion for a new trial, the defendant appeals.

The defendant asserts numerous assignments of error which it argues under three propositions. Under its first proposition defendant contends that "A usury claim is personal and can be recovered only by the party paying it." It is true that a usury claim is personal and applies only as between the original parties to the usurious contract or their legal representatives and does. not apply to parties who were not parties to such contract, and can be recovered only by the party paying it. Johnston v. American Finance Corporation, 182 Okla. 567, 79 P. 2d 242. However, the record in this case discloses that plaintiff Bessie Smith made payments with her own money, and that both she and her husband, Sam W. Smith, signed the mortgages on their home which they owned jointly, and on their household furniture. Their dwelling and household furniture were destroyed by fire, upon which they had an insurance policy; that from the proceeds of the insurance policy on said property defendant admittedly received and retained $1,100, and thus the usury claim of plaintiffs was between the original parties to the transaction, and if usury was charged plaintiffs are the parties who paid it within the meaning of the law.

Under its second proposition defendant contends that "An accord and satisfaction reciting a valid consideration is binding in the absence of fraud or coercion." In support of this proposition defendant urges that the judgment must be reversed since one of the plaintiffs, Sam W. Smith, who could read and write, signed an accord and satisfaction reciting a valid consideration which is binding in the absence of fraud, coercion, or mistake of facts in its procurement. In support of this contention it cites J. B. Colt Co. v. Thompson, 114 Okla. 61, 242 P. 1030; Selected Investments Corp. v. Spencer-Sedbrook, 196 Okla. 565, 166 P. 2d 764; Bass Furniture & Carpet Co. v. Finley, 129 Okla. 40, 263 P. 130; Mayfield v. Fidelity State Bank of Cleveland, 121 Okla. 179, 249 P. 136, asserting, however, that it is not unmindful of the decisions in Shoenfelt v. Donna Belle Loan & Investment Co., 172 Okla. 346, 45 P. 2d 507, and Sanford v. Anchor Loan Co., 178 Okla. 616, 63 P. 2d 946.

The plaintiff Sam W. Smith contends and so testified that he did not knowingly sign an accord and satisfaction; that if he did he never received any compensation for doing so, and that the same was without a valid consideration and was a mere cloak to cover up usury and was void, relying on the case of Sanford v. Anchor Loan Co., supra, wherein the court said:

"A purported release from a fixed liability for usury, not supported by a

valuable consideration, is of no effect as a bar to the recovery of usury paid."

Plaintiffs' evidence on this point, if believed, though in conflict with the defendant's evidence, substantiates his allegation as to no valid consideration being paid for signing the accord and satisfaction, if he did sign it, and the plaintiffs' evidence substantiates their contentions as to the amount borrowed and that plaintiffs had repaid to defendant a certain total amount upon said loan, which upon calculation showed that the amount repaid amounted to more than the principal and a maximum legal rate of interest for the time the money was used, and the jury was warranted in finding that as between the original contracting parties the transaction was usurious, whether the charging of the unlawful rate of interest appeared upon the face of the instruments or not. Majestic Loan Co. v. Edmondson, 172 Okla. 222, 45 P. 2d 504, 99 A. L. R. 596.

The defendant's third proposition is "That burden is on the party claiming usury to prove it by clear and convincing proof," and that the plaintiffs have failed to meet the requirements of this rule. This contention is not sustained by the record, which we have carefully examined and find that the evidence, when considered as a whole, sustains the verdict of the jury and judgment of the court based thereon, both as to the amount claimed as usurious and as to the purported accord and satisfaction being without a valid consideration and used as a cloak to evade the penalty for usury under the provisions of 15 O. S. A. §267. These questions were submitted to the jury under proper instructions, and under the rule announced by this court in Alco Finance Co. v. Barnes, 158 Okla. 222, 13 P. 2d 203, and Vose v. U. S. Cities Corporation, 152 Okla. 295, 7 P. 2d 132, appeal dismissed and certiorari denied, 52 S. Ct. 310, 286 U. S. 523, 76 L. Ed. 921, being questions of fact for the jury, will not in the absence of material prejudicial error be disturbed on appeal. Under this authority, and in view of what we have said under proposition two, the judgment is affirmed.

WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.